IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 NOV 28 PM 2: 31

| | |
|---|---|
| **J. MICHAEL REDIKER, an individual, and** ) <br> **PAMELA G. REDIKER, an individual,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **CHARLES H. GEIGER, JR. a/k/a CHUCK** ) <br> **GEIGER, a/k/a Charles H. Geiger, Jr., an** ) <br> **individual,** ) <br> ) <br> Defendant. ) | Civil Action Number <br> **CV-01-C-1660-S** <br><br> **ENTERED** <br> **NOV 28 2001** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the Court on motion of Plaintiffs J. Michael Rediker and Pamela G. Rediker ("Plaintiffs"), suing jointly and severally, for entry of judgment by default.

Based upon the record, including the Affidavit filed support of the motion, the Court makes the following Findings of Fact and Conclusions of Law.

A. FINDINGS OF FACT

1. This is a suit for taking money by fraud, deception and false pretenses (including federal and states securities fraud and civil racketeering), breach of contract, unjust enrichment, and money had and received, among other claims.

2. Defendant Charles H. Geiger was duly served with a copy of the summons, together with a copy of the plaintiff's complaint, on the 4th day of July, 2001, in Fremont County, Wyoming.

3. Defendant Geiger has never filed an Answer or other response to the summons and complaint.

4. Defendant Geiger is of legal age, legally competent, under no disability, and not otherwise exempt from judgment or levy at this time under any federal or state law.

5.  On August 3, 2001, Plaintiffs filed their Request for Clerk to Enter Default.

6.  On August 6, 2001, the Clerk entered default against Defendant Geiger, with leave to prove damages.

7.  As established in the evidentiary submissions, Plaintiffs are entitled to recover the following damages from Defendant Geiger:

   a). The principal amount of the net loss, after giving said Defendant all credits to which he is entitled: $ 32,060.00.

   b). Prejudgment interest due on said principal loss, at 8% simple interest (the Alabama statutory rate, Ala. Code of 1975, § 8-8-8), computed as set forth in the Plaintiffs' submission by affidavit: $ 2,423.92.

   c). A reasonable attorney's fee equal to 25% of the investment loss on the Tie Hack Brewery LLC investment under § 8-16-19 of the Securities Act of Alabama (requested pursuant to Count Three of the Complaint herein), i.e., 25% of $21,525.48, which is $ 5,381.37. Said attorney's fee is also authorized by the provisions of the civil RICO statute.

### B. Conclusions of Law

1.  This Court has jurisdiction of this action pursuant to Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act" or "1934 Act"), 15 U.S.C. § 78aa; 18 U.S.C. §§ 1964 and 1965; 28 U.S.C. §§ 1331 and 1337; and pursuant to principles of supplemental jurisdiction, 28 U.S.C. § 1367. The state law claims asserted herein and the claims arising under the laws of the United States (1934 Act and RICO Act) not only have a common nucleus of operative fact but arise out of the very same transactions and events, at the same time and as part of the same conspiracy, plan and scheme, and involve the same Defendant and persons, and in all pertinent respects constitute a single case or controversy with each other.

2.  Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa; the RICO Act, 18 U.S.C. § 1965; and 28 U.S.C. § 1391(b).

3.  Plaintiffs are entitled to recover of Defendant Geiger damages in the total amount of **$ 39,865.29**

By separate document, the appropriate Final Judgment shall issue.

Done this **27th** day of November, 2001.

／s／ U.W. Clemon
Chief United States District Judge
U.W. Clemon

3